UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 22-cr-00121 |
| -vs- | |
| KRISTIAN DARNELL MOORE (01)<br>aka CHRISTOPHER DARNELL MOORE<br>aka CHRIS MOE ISRAEL | JUDGE DEE D. DRELL<br><br>MAG. JUDGE PEREZ-MONTES |

RULING AND ORDER

Before the court Kristian Darnell Moore's ("Moore's") "Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A) & First Step Act," commonly referred to as a motion for compassionate release (Doc. 92). The Government has responded to the motion for compassionate release (Doc. 96); Moore has replied (Doc. 100); and the matter is ripe for consideration.

I.  Background

Moore was arrested on January 17, 2020 and charged with violating 18 U.S.C. § 922(g), possession of a firearm by a convicted felon. On October 11, 2023, he pleaded guilty to a single-count indictment, and on January 11, 2024 he was sentenced to serve 27 months imprisonment.

On September 23, 2024, while his appeal was pending before the Fifth Circuit Court of Appeals, Moore filed the instant motion for compassionate release. On April 9, 2025, the Fifth Circuit affirmed this court's judgment. Moore then filed a petition for a writ of certiorari with the Supreme Court which it denied on October 6, 2025. As all appeals and writs have been dispensed with, we may now assume jurisdiction to consider the instant motion for compassionate release.

Moore claims that he is a 45-year-old man with numerous serious medical conditions which entitle him to release. Specifically, he complains of "uncontrolled hypertension," "presumed

1

stroke," progressively worsening severe headaches," blurry vision in his right eye, and a kidney stone. He also contends that these conditions have "substantially diminished" his ability to care for himself within the prison and he is "not expected to recover."

Moore's release date, as calculated by the Government, is November 26, 2025.[1]

II.   Analysis

Generally, courts cannot modify sentences once imposed. Freeman v. United States, 564 U.S. 522, 526 (2011); see also 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). Should a court find no "extraordinary or compelling reason[]" that warrants a reduction in sentence, the court may end its analysis there and not proceed to reviewing Section 3553(a) factors. See id.

If a court does accept the "extraordinary and compelling reasons" provided in the motion and duly examines the Section 3553(a) factors, then the defendant's sentence should be reduced in accordance with "applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement that specifically references Section 3582 is United States Sentencing Guidelines § 1B1.13 ("Section 1B1.13"). It provides that "[u]pon motion of the Director of the Bureau of Prisons [("BOP") or the defendant]," a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the court finds that "extraordinary and compelling reasons warrant the reduction[;] the defendant is not a danger to

---

[1] Moore stated his release date was December 10, 2025.

2

the safety of any other person or to the community[; and] the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13(1)(A), (2)-(3).

Though not binding or dispositive, Section 1B1.13's policy statement in the Sentencing Guidelines includes commentary specifying the types of medical conditions that could qualify as extraordinary and compelling reasons for sentence reduction. Thompson, 984 F.3d at 433. First, this standard is met if the defendant is "suffering from a terminal illness[, *e.g.*,] metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, defendants also qualify under this standard if he or she: (1) suffers from a serious physical or medical condition, (2) suffers from a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and familial circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons for sentence modification. U.S.S.G. § 1B1.13, cmt. n.1(D).

Moore contends he suffers from serious medical conditions; yet, his medical records do not show that he suffers from the type of medical circumstances that constitute extraordinary and

---

[2] The policy statement also addresses reductions for defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). U.S.S.G. § 1B1.13(1)(B). That provision is not applicable in this case.

compelling reasons under United States Sentencing Guideline § 1B1.13(b)(1). He does not suffer from a terminal illness with an end-of-life trajectory. See § 1B1.13(b)(1)(A). His ailments do not constitute serious physical or medical conditions, serious functional or cognitive impairment, or a deterioration in physical or mental health because of the aging process that substantially diminishes his ability to provide self-care. See § 1B1.13(b)(1)(B). He does not suffer from a medical condition that requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death. See § 1B1.13(b)(1)(C). And, finally, he is not housed at a correctional facility that is affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or an ongoing public emergency; does not have any personal health risk factors and custodial status which subject him to an increased risk of suffering a severe medical complication or death as a result of an infectious disease or ongoing public emergency; nor does he have a health risk that cannot be adequately mitigated in a timely manner. See § 1B1.13(b)(1)(D).

Moore was housed at FCI Oakdale when he experienced "uncontrolled hypertension." Since that time, he was transferred to FMC Fort Worth. At FMC Fort Worth, his medical issues, including his hypertension have been effectively treated. He has seen a cardiologist from University of North Texas Health Patient Services, and medical records from that doctor note that Moore has "no cardiovascular complaints at all" and that he is able to exercise on the treadmill daily. (Doc. 96-2, p.7). There is no notation within the medical records that Moore is unable to care for himself.

Moore's complaints that he suffered a "possible" and "presumed" stroke are not corroborated by his own medical records. A stroke specialist, also at University of North Texas Health Patient Services, noted that neither Moore's medical records, MRI nor CT scans showed

4

signs of stroke. (Doc. 96-2, p. 4-6). With respect to his claims that he suffered blurry vision as a result of this purported stroke, there is simply no evidence in support. While there is a diagnosis of blurred vision, Moore was offered glasses to correct the issue, but he declined.

Moore's medical records also show that his headaches improved once his blood pressure was stabilized. Further, treatment of any headaches only required Tylenol. (Doc. 96-2, p.2).

Finally, Moore fails to provide evidence that his kidney stone was a serious medical condition. There is no evidence in the record as to how the matter resolved, but more than a year has passed since he made any complaints about the kidney stone.

As Moore has not established that any of his medical conditions constitute extraordinary and compelling circumstances warranting a reduction in sentence, his motion for compassionate release is denied.

III.   Conclusion

Accordingly, for the reasons stated herein it is

ORDERED that Moore's motion for compassionate release (Doc. 92) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 6th day of November 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT